IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DUBENSKY, <br><br> Plaintiff, <br><br> v. <br><br> LATHROP HOME CHICAGO, <br><br> Defendant. | Case No. 25-cv-07231 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Michael Dubensky brings suit against Defendant Lathrop Homes Chicago ("Lathrop"), alleging breach of contract and negligence. [1]. Defendant moves to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [9]. For the reasons stated herein, Defendant's Motion to Dismiss [9] is denied as moot. Plaintiff's complaint is dismissed without prejudice for lack of jurisdiction.

I.  **Background**[1]

The following factual allegations are taken from Plaintiff's one-page operative complaint ([1]) and are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

---

[1] Apparently in response to the motion to dismiss, Plaintiff filed separate documents on the docket labeled "Exhibits", "Statement", "Missing Persons claim", "Personal Injury", "Breach of contract", "Review of Bills", "Email correspondence" and "Response" [12]; [15]; [17]; [18]; [19]; [20]; [22]; [23]; [25]; [26]; [27]; [29]; [31]). The Court only considers "Response" [16]. The Court previously warned Plaintiff that it would not "consider random filings on the docket". [21] These random filings, *supra*, are frivolous, and do not change the Court's analysis that it lacks subject matter jurisdiction.

1

Plaintiff's two-sentence complaint alleges that he "is not sure if FEDERAL LAW Permits non-renewal of lease unless [he] missed a rent payment, in the second year", and that he "also suspect[s] personal injury due to not cleaning staircases, cold sore on foot, cut and bruise on hand, and full bed, itch with concentration of calves, gastrocs due to cleaning around apartment building." [1] at 1.[2]

Lathrop moved to dismiss the complaint for failure to state a claim. [9]. Plaintiff filed a document titled "Response" [16], which the Court construes as his response in opposition to the motion.

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not

---

[2] Like the defendant, the Court construes the Complaint as attempting to state two claims: one for breach of contract and one for negligence.

necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

In addition, the Court construes the *pro se* complaint liberally, holding it to a less stringent standard than lawyer-drafted pleadings. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

**III.     Analysis**

Defendant moves to dismiss Plaintiff's complaint on the grounds that the complaint (a) fails to allege a plausible claim of a breach of contract, and (b) fails to assert a negligence claim. [9] at 3-4. The Court first turns to the threshold question of jurisdiction.

Federal district courts are courts of limited jurisdiction and may adjudicate "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right necessarily depends on resolution of a substantial question of federal law"; in other words that "federal law

3

is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 808 (1988). Indeed, there are two primary means of federal jurisdiction: federal question and diversity. Here, Plaintiff's claims appear to be based in state law—breach of a rental agreement contract and negligence. [1] at 1. These are quintessential matters for a state court to decide.

Breach of contract and negligence claims are not federal questions. The Court therefore does not have jurisdiction under 28 U.S.C. § 1331. Plaintiff does not allege diversity jurisdiction either. There are no allegations that Lathrop is an out of state defendant, and there are similarly no allegations that the amount in controversy is in excess of $75,000. 28 U.S.C. § 1367. The Court therefore lacks jurisdiction, and its only course of action is to dismiss the case. *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (internal quotation marks and citation omitted). Indeed, because the Court lacks jurisdiction, it cannot decide the merits of the case and *must* dismiss on this jurisdictional basis. *Id.* at 95-94 (declining to endorse "hypothetical jurisdiction"); *see also Meyers v. Oneida Tribe of Indians of Wisconsin,* 836 F.3d 818, 821 (7th Cir. 2016) ("It is certainly true that a court may not decide the merits of a case without subject matter jurisdiction even if the parties have not themselves raised it.").

## CONCLUSION

For the stated reasons, Defendant's Motion to Dismiss [9] is denied as moot. Plaintiff's complaint is dismissed without prejudice for lack of jurisdiction. Judgment to enter in favor of defendant. Civil case terminated.

E N T E R:

Dated: January 20, 2026

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge